Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evelyn Rinkleib,<br><br>Plaintiff,<br><br>vs.<br><br>Computer Credit, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1.  Plaintiff Evelyn Rinkleib ("Plaintiff") brings this action against Defendant Computer Credit, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

Complaint - 1

4.     "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.     "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected

Complaint - 2

by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

8. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

9. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

10. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

11. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primary enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

12. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

13. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

14. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**PARTIES**

15. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Pima, and City of Tucson.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

Complaint - 4

17. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

20. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services through Aspen Dental (the "Debt").

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

22. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. On February 24, 2017, Plaintiff visited Aspen Dental for a dental visit.

24. Plaintiff's February 24, 2017 visit to Aspen Dental was classified as a preventative—or prophylaxis—visit.

25. Plaintiff's policy with her insurance provider states that Plaintiff will not have to make any payments—including a co-pay—if the visit is a preventative one.

26. Therefore, Plaintiff was fully covered by her insurance for her visit to Aspen Dental.

Complaint - 5

27. Despite Plaintiff's insurance coverage, Aspen Dental sent Plaintiff an invoice on March 3, 2017, which stated that she owed $18.

28. On April 10, 2017, a representative of Aspen Dental told Plaintiff to disregard the bill for now, and that they would call Plaintiff later to confirm whether Plaintiff, in fact, owed the Debt.

29. Plaintiff and Aspen exchanged phone calls over the next two months without confirming that Plaintiff did not owe the Debt.

30. Defendant sent Plaintiff a letter dated June 12, 2017 in connection with the collection of the Debt.

31. A true and correct copy of Defendant's June 12, 2017 letter is attached to this complaint as Exhibit A.

32. Defendant's June 12, 2017 letter was its initial communication with Plaintiff with respect to the Debt.

33. Defendant's June 12, 2017 letter attempted to collect $18 and states that Defendant's "records indicate that this debt is your responsibility."  Exhibit A.

34. Defendant's statement in its letter implied that it had medical or other records in its possession that would demonstrate Plaintiff owed the Debt.

35. This statement is misleading, where, upon information and belief, Defendant had no such records.

36. Shortly after receiving Defendant's June 12, 2017 letter, Plaintiff spoke with a manager at Aspen Dental who apologized for the mistaken billing on the Debt and stated that she fixed the issue.

37. Thus, Plaintiff does not owe this Debt.

38. Defendant's attempt to collect the Debt from Plaintiff is unfair, false and misleading.

39. Defendant did not have the authority to collect the Debt from either an agreement in Plaintiff's relevant contract for dental services or through relevant law.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

40. Plaintiff repeats and re-alleges each factual allegation above.

41. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

42. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006) (internal quotation omitted)).

43. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

44.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

45.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

46.     Plaintiff repeats and re-alleges each factual allegation above.

47. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

48. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(1)

49. Plaintiff repeats and re-alleges each factual allegation above.

50. The FDCPA prohibits the use of unfair or unconscionable means to collect debts, including, but not limited to, the attempt to collect amounts to which the debt collector is not legally entitled to collect. *See* 15 U.S.C. §§ 1692f, 1692f(1).

51. Debt collectors may not collect any amount if either "(A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent." *FTC Staff Commentary on the FDCPA*, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988)

52. "[W]hen state law does not affirmatively authorize or prohibit service charges, a service charge may only be imposed if the customer expressly agreed to it in the contract which gives rise to the debt." *Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1022 (E.D. Mo. 2015) (citing *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 407–08 (3d Cir. 2000); *Tuttle v. Equifax Check,* 190 F.3d 9, 13 (2d Cir. 1999)).

53. Defendant violated 15 U.S.C. § 1692f(1) by collecting, or attempting to collect, an amount from Plaintiff that is not expressly authorized by the agreement creating the debt nor permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

54. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 28, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff